CRAWFORD, Chief Judge
(dissenting):
Although the Government conceded that the staff judge advocate’s (SJA) addendum presented new matter within the meaning of RCM 1106(f)(7), Manual for Courts-Martial, United States (2000 ed.), there has been no showing of prejudice under the facts of this case.
On the weekend of November 12-14, 1999, appellant and several other airmen rented a motel room in the civilian community of Las Vegas, Nevada. A friend visited her and brought a quantity of powdered cocaine, which they snorted. After the First Sergeant received information from a confidential source about the party, he requested that appellant provide a urine specimen. The urine specimen contained 3,587 nanograms per milliliter, showing more than casual use on a weekend.* This is not the type of *63 individual that any convening authority would keep in the service.
The majority parses the words in the SJA addendum in such a manner as to indicate that the convening authority was misled. 57 MJ at 60-61. He was not. Prior to taking action, the convening authority was presented with a number of documents. Among them was the initial SJA recommendation, which defense counsel received on April 12, 2000. Attached to this recommendation was AF 1359, Report of Result of Trial. This report clearly reflected that appellant’s court-martial was before a “judge alone,” not a “jury.”
Additionally, when one examines the clemency materials submitted by defense counsel in accordance with RCM 1105 and 1106(f)(4), it is blatantly obvious that these letters were written subsequent to appellant’s court-martial. Most of them are dated April 20 or 21, 2000, and many speak to the sentence appellant received. Since matters in extenuation and mitigation are presented to the sentencing authority of a court-martial prior to a sentence being announced, there is no logical way that the convening authority could or would have inferred that appellant’s RCM 1105 submission was a rehashing of matters previously submitted to the sentencing authority (regardless of who that was). While the SJA addendum was in error, there was no confusion on the part of the convening authority as to the sentencing authority, and what clemency material had been previously considered by the military judge.

 The cutoff level for reporting cocaine use is 100 nanograms per milliliter. Memorandum, Department of Defense, Coordinator for Drug Enforcement and Policy Support, Subject: Drug Urinalysis Testing Levels, para. 2 (May 12, 1997).